UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY'S EXPRESS, LLC, a Michigan
Limited Liability Corporation, and
TOMMY CAR WASH SYSTEMS, INC.,
a Michigan Corporation,

Case No. _____
Honorable _____

       Plaintiffs,

**NOTICE OF REMOVAL**
Removed from:
Circuit Court of Michigan,
County of Ottawa
Case No. 2022-6989-CB

v.

ERIC O'CONNOR, an individual, and
STEEL BLUE VENTURES, LLC,
a Delaware Limited Liability Company,

       Defendants.

| | |
|---|---|
| Dean F. Pacific (P57086)<br>Warner Norcross + Judd LLP<br>150 Ottawa Ave. NW, Suite 1500<br>Grand Rapids, MI 49503<br>(616) 752-2000<br>dpacific@wmj.com<br>*Attorney for Plaintiffs* | David B. Viar (P43479)<br>Kevin F. O'Shea (P40586)<br>E. Powell Miller (P39487)<br>The Miller Law Firm, P.C.<br>950 W. University Dr., Suite 300<br>Rochester, MI 48307<br>(248) 841-2200<br>dbv@miller.law<br>kfo@miller.law<br>epm@miller.law<br>*Attorneys for Defendants* |

1

# NOTICE OF REMOVAL

Defendants Eric O'Connor and Steel Blue Ventures, LLC, hereby remove to this Court the state court action filed by Tommy's Express, LLC and Tommy's Car Wash Systems, Inc. ("Plaintiffs") from the Twentieth Judicial Circuit for the State of Michigan (the Ottawa County Circuit Court) to the United States District Court for the Western District of Michigan, Southern Division. The grounds for removal are as follows:

On September 2, 2022, Plaintiffs Tommy's Express, LLC ("Tommy's Express") and Tommy's Car Wash Systems, Inc. ("Tommy's Car Wash") (collectively, "Plaintiffs") filed a complaint (the "Complaint") in the Circuit Court for the State of Michigan, Ottawa County, captioned *Tommy's Express, LLC, and Tommy's Car Wash Systems, Inc. v. Eric O'Connor and Steel Blue Ventures, LLC*, Case No. 2022-6989-CB (the "State Court Action").

The State Court Action concerns Plaintiffs' previous employment of Defendant Eric O'Connor. Specifically, Plaintiffs have alleged causes of action for breach of fiduciary duty, breach of duty of loyalty, tortious interference with business relationships, breach of contract, unjust enrichment, common law conversion, statutory conversion and fraud. Plaintiffs seek compensatory damages in excess of $100,000, statutory treble damages, and equitable restitution from O'Connor, as well as an award of attorney fees and costs. Defendants deny all of

Plaintiffs' allegations with exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

This Court has original jurisdiction over this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and is between citizens of different states, the complete diversity requirement is met and removal is proper.

Defendants desire to exercise their rights under 28 USC §§ 1332 and 1441 to remove this action from the Twentieth Circuit Court for the State of Michigan to this Court.

This Notice of removal is timely under 28 USC § 1446(b), as it is filed within 30 days of Defendants receipt of the initial pleading setting forth Plaintiffs' claim for relief.[1]

As provided by 28 USC § 1446(a), Defendants are attaching, at **Ex. A**, a copy of all process, pleadings, and orders served upon or sent to Defendants in the State Court case.

Promptly after filing this Notice of removal, defendants will serve a copy of it upon plaintiffs and will file a copy with the Clerk of the Twentieth Judicial Circuit Court for the State of Michigan.

---

[1] *See* **Ex. A**, proof of service.

## I.   BASIS FOR REMOVAL

**a. Removal Is Proper Because this Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because it is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

### I.   *There Is Complete Diversity of Citizenship Among the Parties.*

Plaintiffs Tommy's Express and Tommy's Car Wash are both citizens of the State of Michigan. Plaintiff Tommy's Car Wash is a corporation formed under Michigan law, with headquarters and principal place of business located at 581 Ottawa Ave, Suite 300, Holland, MI 49423. Under 28 U.S.C. § 1332(c)(1), these two facts make Plaintiff Tommy's Car Wash a citizen of Michigan alone and no other state. *See Lincoln Property Co. v. Roche,* 585 U.S. 81, 88 (2005); *Franzel v. Ferr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992).

Plaintiff Tommy's Express is a limited liability company. A limited liability company "has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Missouri, LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). On information and belief, Tommy's Express has seven members or sub-members: VQ,

4

Inc., a corporation that is a Michigan citizen, four individual members who are all Michigan citizens, and a Michigan trust whose two trustees are also Michigan citizens. Because all of its members share Michigan citizenship, Plaintiff Tommy's Express is a Michigan citizen for jurisdictional purposes.

Defendants are an individual person and a limited liability company; both are citizens of the State of Florida. A limited liability company "has the citizenship of its members and sub-members." *Akno 1010*, 43 F.4th at 626. Plaintiffs allege that Steel Blue Ventures, LLC ("Steel Blue") has three members, Eric O'Connor, Quinton O'Connor, and Aidan O'Connor. Compl. ¶ 3. However, Plaintiffs do not name either Quinton or Aidan as parties to this lawsuit, and contrary to Plaintiffs' allegations, Defendant Eric O'Connor is the sole member of Steel Blue. Accordingly, Steel Blue's citizenship turns on the citizenship of Mr. O'Connor individually.

An individual's citizenship for diversity purposes is his or her domicile. *Stifel v. Hopkins*, 477 F.2d 1116, 1120, (6th Cir. 1973). An individual's domicile requires both their physical presence in a state and "the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Prime Rate Premium Fin. Corp., v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). An intent to remain indefinitely can be established through several channels, including residence, ownership of property, payment of taxes, bank accounts, driver's license and vehicle

registration, voter registration, declarations of intent, and social indicia like club affiliation or membership in religious organizations. *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 912 (E.D. Mich. 1998). While no single one of these factors is dispositive, courts analyze the substantive nature of the party's asserted contacts when deciding a question of domicile. *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 997 (S.D. Ohio 2008) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

In this case, Mr. O'Connor individually owns and maintains his sole residence at 14800 Lake Olive Dr., Fort Myers, Florida 33919. Additionally, he maintains a Florida driver's license (**Ex. B)**, registered his personal vehicle in Florida, exercises his right to vote in Florida, and pays taxes in Florida. Viewed together, these facts indicate that Mr. O'Connor is domiciled in Florida. Accordingly, he and Steel Blue are both citizens of Florida and diversity exists between the parties to this suit.

## II.   *The Amount in Controversy Requirement Is Satisfied.*

In the Sixth Circuit, the amount in controversy is measured from the plaintiff's perspective, focusing on the value of the economic rights he seeks to protect. *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007). Therefore, a Plaintiffs' claim of damages in excess of the $75,000 jurisdictional amount is presumed correct unless shown to a legal certainty that the amount recovered will actually be less than that standard. *Freeman v. Blue Ridge Paper*

*Products, Inc.*, 551 F.3d 405, 409 (6th Cir. 2008) (citing *St. Paul v. Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290-92 (1938)). Likewise, the jurisdictional analysis must also account for Plaintiffs' claims of punitive damages, unless apparent to a legal certainty that they cannot be recovered. *Smith*, 505 F.3d at 408. (citing *Hayes*, 266 F.3d at 572).

In this case, Plaintiffs repeatedly allege damages exceeding the $75,000 jurisdictional amount. For instance, in Counts V and VI , they allege injury "in the amount of proceeds gained by O'Connor and/or Steel Blue, including *at least $100,000 per site developed*." Compl. ¶¶ 104, 111 (emphasis added). Plaintiffs have also specifically alleged that Mr. O'Connor or Steel Blue received three checks worth $25,000 each, a sum of $75,000. Compl. ¶ 58; Compl. Ex. 4. Furthermore, in Count VI, Plaintiffs also alleged that they are entitled to statutory treble damages, which would triple the amount of their claim on that count. Compl. ¶ 112. Each of these three claims independently satisfies the jurisdictional amount in controversy requirement before considering Plaintiffs' claim for restitution of compensation they paid to Mr. O'Connor during his employment. Compl. ¶ 125; Prayer for Relief ¶ C. From the face of their complaint, Plaintiffs have made clear that they seek far more than the $75,000 required to establish federal jurisdiction in a diversity case.

This Court has original jurisdiction over this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of costs and interest, and is between citizens of different states, the complete diversity requirement is met and removal is proper.

## II.  CONCLUSION

This action having been properly removed, Defendants respectfully request that the Clerk of the Court docket this case for further proceedings in this Court.

Date: October 5, 2022                              Respectfully Submitted:

**THE MILLER LAW FIRM, P.C.**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Kevin F. O'Shea (P40586)
David B. Viar (P43479)
950 W. University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
epm@miller.law
kfo@miller.law
dbv@miller.law

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2022, I caused to be served the foregoing Notice of Removal on Plaintiffs' counsel of record via electronic mail:

>Dean F. Pacific
>Warner Norcross + Judd LLP
>dpacific@wmj.com

Respectfully Submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
950 W. University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
epm@miller.law